## McCollum v. Perigo.

*Contract—Family agreement—Widow's exemption—Mortgage.*

Where a family agreement refers in its premises to the widow's exemption, and also refers to a mortgage executed on the same day and provides that in the event of a judicial sale of the real estate the mortgage is " first to be paid and discharged out of and from the proceeds thereof," the widow's exemption will be postponed to the mortgage.

Argued Jan. 22, 1901. Appeal, No. 33, Jan. T., 1901, by Polly C. Tiffany, administratrix, from decree of C. P. Susquehanna Co., Jan. T., 1899, No. 159, refusing to allow widow's exemption out of proceeds of sheriff's sale of defendant's real estate in case of M. J. McCollum v. M. T. Perigo. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for rule on sheriff to pay money into court.

From the record it appeared that the property was sold under a judgment entered on a bond accompanying a mortgage. The mortgage had been given to J. F. Lathrop to whose right **M. J.**

McCollum had succeeded.   It appeared that the former owner of the land was J. T. Perigo, who died leaving a widow and two children, and by the terms of his will providing for the support and maintenance of his widow, and giving a $400 legacy to his daughter, and making both these a charge upon real estate devised to his son, the defendant in the above entitled judgment.

Sarah Perigo, the widow, claimed her exemption out of this real estate, and it was duly appraised at more than $600, and the widow's exemption confirmed finally by the court, thereby becoming a lien on the real estate above mentioned.   M. T. Perigo, the son and devisee of the real estate, later entered into a tripartite agreement with his mother and sister whereby the sister, upon payment thereof, released her legacy, and the mother, Sarah Perigo, released her.support and maintenance as provided for in the will, in favor of the mortgage to Lathrop executed by M. T. Perigo.

The recitals of the tripartite agreement referred to the widow's exemption. .

The agreement contained the following clause :

" By and on the part of the said Sarah Perigo, that for the consideration aforesaid, that she will and does hereby remise, release and forever quit-claim and discharge him the said M. T. Perigo and the real estate hereinafter described and all the estate of the said J. T. Perigo deceased, and the executor of his estate from all liability attaching to him, it or them by the terms and conditions of the last will and testament of the said J. T. Perigo, late deceased ; and hereby accepts in lieu and in stead thereof the provisions and services hereinbefore agreed and covenanted on the part of the said M. T. Perigo, to the end and purpose that the said M. T. Perigo and the real estate mentioned shall be, upon the execution hereof by all parties, fully discharged and released from any charges made in her behalf by and under the terms and provisions of said will.   And further, that the charge and burden incurred by this agreement in her behalf, upon the said M. T. Perigo and the real estate mentioned, shall be deemed subsequent to the lien and charge thereupon this day created in favor of J. S. Lathrop by a mortgage for the sum of Eleven Hundred Dollars executed and delivered by M. T. Perigo above named, to the end and purpose that in the

568    McCOLLUM *v.* PERIGO.

Statement of Facts—Opinion of the Court. [16 Pa. Superior Ct.

event of a sheriff or other judicial sale of the said premises the said mortgage shall first be paid and discharged out of and from the proceeds thereof."

The court in an opinion by DUNHAM, P. J., held that the widow's exemption was postponed by the agreement to the mortgage, and refused the application to have the sheriff pay the money into court.

*Error assigned* was the decree of the court.

*William D. B. Ainey*, with him *C. H. Ainey*, for appellant.

*A. H. Smith*, of *McCollum & Smith*, for appellee.

OPINION BY BEAVER, J., March 19, 1901 :

The appeal in this case is taken from a decree of the court below, refusing to order the sheriff to pay into court the money arising from the sale of certain real estate sold as the property of M. T. Perigo. The petitioner, as administratrix of her mother's estate, claimed a portion of the proceeds of the sale, under a claim of a "widow's exemption," out of the estate of J. T. Perigo, the husband of the claimant and the father of the appellant, and M. T. Perigo, as whose property the real estate was sold. It was not denied that the claim had been proceeded in properly and had been made a lien upon the real estate. It was claimed, however, that this lien had been postponed by agreement to the mortgage upon which the real estate had been sold. The facts are fully set forth in the opinion of the court below, are not denied and present a single and very simple question for our consideration.

The petitioner claims that the tripartite agreement entered into by and among her mother, her brother and herself, did not include the claim for exemption and that, therefore, as the administratrix of her mother, she is entitled to receive it, in preference to the mortgage, the lien of which was later. The claim for the so-called widow's exemption is fully set out in the recitals of the said agreement, in which it was said that the inventory and appraisal had been duly taken, filed and finally confirmed by the orphans' court of Susquehanna county, and that the enjoyment of the real estate by the said M. T. Perigo was

made by the will of the decedent subject to the payment of the sum to which Polly Tiffany, the petitioner, was entitled, and also subject to the payment of the sums going to said Sarah (the mother) including her exemption, as aforesaid. The existence of the claim of the widow was, therefore, clearly recognized in the agreement and is in part the subject-matter of which it treats. The son, desiring to borrow money for the purpose of paying his sister's interest and the debts of the decedent, entered into the agreement with his mother and sister, as stated in the agreement " to the end and purpose that, in the event of a sheriff's or other judicial sale of the said premises, the said mortgage was first to be paid and discharged out of and from the proceeds thereof." Taking the several clauses of the agreement together and construing it as a whole, there can be no question as to what the intent of the mother and her children, who were the parties thereto, was. There was abundant consideration for the agreement. There is no denial but that its stipulations were fully carried out by the son. The mortgagee, who advanced the money upon the mortgage, could have reached no other conclusion than that all the parties to the agreement intended that the mortgage should be first paid out of the proceeds of the sale of the real estate included therein. This is not doubtful, even if we ignore the references to the widow's claim in the recitals in the agreement. This was so apparent from the facts set forth in the petition and the terms of the agreement itself, that the court would not have been justified in depleting the fund arising from the sale by subjecting it to the costs of an audit and the delay consequent thereon. Decree affirmed and appeal dismissed at the costs of the appellant.